UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TORREY CALDWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:09mc0074 ) Judge Trauger |
| STATE OF TENNESSEE, ET AL., | ) ) |
| Defendants. | ) |

3 09 0370

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action under 28 U.S.C. § 1331, naming the State of Tennessee and the Tennessee Legislature as defendants. The plaintiff seeks declaratory and injunctive relief.

The plaintiff was indicted for the first-degree murder of Natasha Smith, "his child" who was less than 13-years old at the time of her murder. (Docket Entry No. 1, ¶ 4, pp. 4, 11) The indictment charged that Natasha was murdered as a result of aggravated of child abuse in violation of Tenn. Code Ann. § 39-13-202(a)(4)(1994). (Docket Entry No. 1, ¶ 4, p. 4) The plaintiff asserts that he pled *nolo contendere* in his own best interest after accepting the State's offer of a life sentence. (Docket Entry No. 1, ¶ 4, p. 4)

The plaintiff asserts that he filed a notice of appeal on January 12, 1995. (Docket Entry No. 1, ¶ 4, p. 4) He claims that the Tennessee Legislature repealed Tenn. Code Ann. § 39-13-202(a)(4) in its entirety at the same time. (Docket Entry No. 1, ¶ 4, p. 4) Although not entirely clear, the complaint appears to allege that the Tennessee Legislature's action in 1995 rendered the plaintiff's conviction under Tenn. Code Ann. ¶ 39-13-202(a)(4)(1994) unconstitutional retrospectively. (Docket Entry No. 1, ¶¶ 1-24, pp. 11-15)

Chief among the plaintiff's demands for relief is that the court require the defendants "to reduce the crime of which [he] stands convicted to criminally negligent homicide and to adjust his sentence accordingly." (Docket Entry No. 1, ¶ 5, p. 16) The plaintiff's other requests for relief support this principal demand. (Docket Entry No. 1, ¶¶ 1-3, p. 16)

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A civil action challenging the fact or duration of confinement must be dismissed whether a plaintiff seeks injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claims for damages are not cognizable); *Preiser*, 411 U.S. at 488-90 (claims for injunctive relief cognizable only under 28 U.S.C. § 2254).

Because the plaintiff is challenging the constitutionality of his conviction and sentence, this action is cognizable only in federal *habeas corpus* under § 2254. Accordingly, the complaint will be dismissed for failure to state a claim on which relief may be granted.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

2

Case 3:09-cv-00370 Document 4 Filed 04/23/09 Page 2 of 2 PageID #: 30